UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 19 CR 50047-2 |
| v. | ) | |
| | ) | Judge Iain D. Johnston |
| Christopher Taylor, | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 14, 2022, Defendant Christopher Taylor pled guilty to three Hobbs Act counts based on robbing and attempting to rob multiple cell phone and electronic stores. Dkt. 385. On May 22, 2023, United States District Judge Reinhard sentenced Mr. Taylor to 121 months imprisonment, plus three years supervised release. Dkt. 459. This fell within Mr. Taylor's guideline range of 108 to 135 months. Dkt. 402, ¶ 132.

About six months into his sentence, Mr. Taylor filed a *pro se* motion under 18 U.S.C. § 3582(c)(1)(a), stating that he has rehabilitated himself and wants to care for family members upon release. Dkt. 491. Judge Reinhard denied this motion for three primary reasons. First, Judge Reinhard concluded that Mr. Taylor didn't exhaust his administrative remedies before seeking relief. Dkt 558, 1. Second, Judge Reinhard concluded that Mr. Taylor hadn't established any "extraordinary and compelling" reasons for compassionate release. *Id.* And third, Judge Reinhard noted that the § 3553(a) factors wouldn't justify reducing Mr. Taylor's sentence even if he were eligible for compassionate release. *Id.*

Presently before the Court is Mr. Taylor's second motion for compassionate release under § 3582(c)(1)(a). Dkt. 605. Although it raises slightly different arguments (Mr. Taylor's second motion is based on nonretroactive amendments to the U.S. Sentencing Guidelines), this motion is denied for the same three reasons Judge Reinhard gave.

First and foremost, there's no record evidence that Mr. Taylor exhausted his administrative remedies. As Judge Reinhard and the Government previously explained, courts can only modify a term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c). But Mr. Taylor hasn't alleged—much less proved—that he initiated a request with the warden of FCI Beckley. So, his second motion for compassionate release must be denied.

Second, Mr. Taylor failed to present an extraordinary and compelling reason for relief. As Mr. Taylor correctly notes, he could be considered for a downward departure if he were sentenced today because the Sentencing Guidelines now encourage leniency for some criminal defendants up to their mid-20's. U.S.S.G. § 5H1.1. But the Seventh Circuit has repeatedly held that a nonretroactive change in sentencing—as in Guideline § 5H1.1—"can never by itself establish an extraordinary and compelling reason for release under § 3582(c)(1)(A)(i)." *United*

1

*States v. Barrios*, Nos. 20-2944, 21-1339, 2021 U.S. App. LEXIS 21740, at *7 (7th Cir. July 22, 2021) (citing *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021)). If the amended Guideline creates sentencing disparities, as Mr. Taylor believes it will, this is an inevitable feature of sentencing. *See Concepcion v. United States*, 597 U.S. 481, 500 (2022).

      Mr. Taylor has made productive use of his incarceration so far, and the Court sincerely hopes that he continues down this path. In 23-months' incarceration, Mr. Taylor has had no disciplinary issues and has taken several classes that will facilitate his eventual reentry. Dkt. 605-1. Standing alone, however, these recent accomplishments don't constitute extraordinary and compelling reasons for compassionate release. *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). Indeed, the Court hopes that rehabilitation is the ordinary outcome of all sentencings. *See* § 3553(a) (listing, as goals of sentencing, *rehabilitation*, just punishment, and deterrence).

      This leads the Court to its third and final point: Granting Mr. Taylor's motion would understate the seriousness of his criminal activity. While participating in a violent conspiracy that stole nearly $70,000 worth of electronics, Mr. Taylor punched and robbed an employee. Dkt. 402, ¶ 36. He stole merchandise from an electronics retailer on another occasion, while his co-conspirators robbed employees at gunpoint and restrained them with zip ties. *Id.* at ¶ 38. And these vignettes—disturbing as they are—don't capture the severity of Mr. Taylor's criminal history. In addition to the instant offenses, Mr. Taylor was previously convicted on nine counts of robbery and attempted robbery. *Id.* at p. 14–15. So, even if Mr. Taylor had identified an extraordinary and compelling reason for relief, the Court has no trouble concluding that the § 3553(a) factors wouldn't support a reduction in this case.

      Mr. Taylor's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [605] is denied.

Entered: April 28, 2025            By: _____
                                                                        Iain D. Johnston
                                                                        U.S. District Judge